■ DUTCHESS COUNTY PHARMACEUTICAL SOCIETY et al., Respondents-Appellants, v. STATE OF NEW YORK et al., Appellants-Respondents.— In an action, *inter alia,* to declare a certain statute unconstitutional, (1) defendants appeal from so much of an order of the Supreme Court, Dutchess County, entered April 8, 1974, as denied their cross application for summary judgment and granted plaintiffs leave to apply for a special preference; and (2) plaintiffs cross-appeal, as limited by their brief, from the remainder of the order, which denied their motion for summary judgment. Order modified, on the law, by striking therefrom all its decretal provisions except that which denied plaintiffs' motion and by adding thereto a provision granting defendants' cross application and declaring chapter 751 of the Laws of 1973 constitutional. As so modified, order affirmed, without costs. The declaration sought by plaintiffs is that chapter 751 of the Laws of 1973 (i.e. Education Law, § 6826, which requires pharmacies to post their current selling prices of certain prescription drugs, and § 6811 thereof, which makes noncompliance a misdemeanor) is unconstitutional. Plaintiffs allege the statute is unconstitutionally vague, does not set forth adequate standards, definitions or limitations of any sort and unreasonably interferes with their property rights and the conduct of their business. The authority of the State to regulate the practice of pharmacy for the benefit of the public health and welfare has long been recognized (see *Le Drugstore Etats Unis* v. *New York State Bd. of Pharmacy,* 33 N Y 2d 298, 302; cf. *State Bd. of Pharmacy* v. *Matthews,* 197 N. Y. 353, 358–359). The standard laid down by the statute under review is that the State Board of Pharmacy shall prepare a list of the 150 "most frequently prescribed drugs together with their usual dosages for which a prescription is required" (Education Law, § 6826, subd. 2). We find that this statute is clear and unambiguous. The Court of Appeals has upheld similar statutes (*Matter of Old Republic Life Ins. Co.* v. *Wikler,* 9 N Y 2d 524, 532, and cases there cited). There are no issues of fact and we hold the statute is constitutional as a matter of law. Hopkins, Acting P. J., Latham, Christ, Benjamin and Munder, JJ., concur.

■ HERMAN ELLISON, Plaintiff, v. PETER NORTON et al., Respondents, et al., Defendant. (Action No. 1.) THOMAS FLEMING, Appellant, v. PETER NORTON et al., Respondents, et al., Defendant. (Action No. 2.) — Appeal from an order of the Supreme Court, Queens County, entered October 15, 1974, which granted a motion by defendants Norton to the extent of ordering a joint trial in said court of Actions No. 1 and No. 2. Upon consent of the attorney for said defendants in a letter dated January 16, 1975, the order is reversed and Action No. 2 is restored to the Civil Court of the City of New York, County of New York. Appellant is awarded $20 costs and disbursements of the appeal against defendants Norton. Gulotta, P. J., Hopkins, Martuscello, Latham and Benjamin, JJ., concur.